**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK BURTON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-5020** |
| | : | |
| **DETECTIVE DANIEL CRAIG,** *et al.* | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**BARTLE, J.**                                                                **JANUARY  2, 2024**

Derrick Burton, a prisoner currently housed at SCI Benner, filed this civil action on March 29, 2023 in the United States District Court for the Middle District of Pennsylvania and it was subsequently transferred to this court on December 18, 2023 (Doc. # 8).  Mr. Burton seeks money damages against Detective Daniel Craig and the Springfield Township Police District alleging constitutional and state law claims.[1]  For the following reasons, the request to proceed *in forma pauperis* will be granted, the Springfield Township Police District will be dismissed with prejudice, certain claims will be dismissed without prejudice, and Mr. Burton will be granted the option of proceeding only on the claims that the court determines have passed statutory screening, or filing an amended complaint.

---

1.      The court may consider publicly available records when conducting a statutory screening. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Public records indicate Mr. Burton pled guilty in the Court of Common Pleas of Montgomery County to charges of aggravated assault and possession of a firearm by a prohibited person.  *See Commonwealth v. Burton*, CP-46-CR-4445-2021 (C.P. Montgomery).  Those charges were filed by the Springfield Police Department.  *Id*.

## I.    FACTUAL ALLEGATIONS[2]

Mr. Burton asserts that Detective Craig hacked into his cell phone, looked at his personal videos, pictures, text messages, and contacts, and messaged his contacts pretending to be Mr. Burton.  Compl. at 4.  Detective Craig allegedly asked those he contacted about drugs and other activities even though, according to Mr. Burton, his criminal case has nothing to do with drugs and the cell phone had nothing to do with his criminal case.  *Id*.  Mr. Burton contends that the District Attorney was unaware of Detective Craig's actions.  *Id*.  He contends that his right to privacy was violated and he was slandered and defamed.  *Id*.  He also contends "this act was racially motivated."  *Id*.  He asks that criminal charges be filed and seeks money damages and injunctive relief in the form of a "stay away order."[3]  *Id*. at 5.

---

2.      The facts set forth in this memorandum are taken from Mr. Burton's complaint (Doc. # 1).  The court adopts the pagination assigned to the complaint by the CM/ECF docketing system.

3.      To the extent Mr. Burton seeks to have criminal charges filed, the court cannot grant that relief to him in this case.  "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"); *Sanders v. Downs*, No. 08-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar.9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation") (quoting *Fuchs v. Mercer Cnty.*, 260 F. App'x 472, 475 (3d Cir. 2008)); *Nedab v. Lencer*, No. 06-54, 2007 WL 853595, at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff).  Thus, that relief must be denied.  Also, to the extent Mr. Burton seeks

## II.     STANDARD OF REVIEW

The court will grant Mr. Burton leave to proceed *in forma pauperis*.[4]  Accordingly, 28

U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim.

The court must determine whether the complaint contains "sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the

facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the

plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts

sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory

allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Mr. Burton is proceeding *pro se*, the

court construes the allegations of the complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d

Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to

support a claim.'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 245 (3d Cir.

2013)).

## III.    DISCUSSION

Mr. Burton asserts a constitutional claim and a state law defamation claim.  The vehicle

by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to

vindicate violations of federal law committed by state actors."  *See Gonzaga Univ. v. Doe*, 536

---

injunctive relief in the form of a "stay-away" order, the court knows of no basis under which that
type of relief can granted in a civil rights action.

4.      Because Mr. Burton is a prisoner, he must still pay the full amount of the filing fee for
this case in installments as required by the Prison Litigation Reform Act.

U.S. 273, 284-85 (2002).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Springfield Police District

Mr. Burton has named the Springfield Police District as a defendant.  Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See*, *e.g.*, *Johnson v. City of Erie*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dep't*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability.") (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, the Springfield Police District is not a proper defendant in this case under Section 1983 and is dismissed.

### B.    Detective Daniel Craig

Mr. Burton asserts several claims against Detective Craig, including an apparent constitutional claim based on Detective Craig's seizure of Mr. Burton's cell phone.  This claim is properly construed as a Fourth Amendment illegal search or seizure claim.  *See Drabovskiy v.*

4

*Warden*, 534 F. App'x 98, 100 (3d Cir. 2013) (*per curiam*) (stating that a *pro se* pleading should be judged by its substance, not its form or label) (quoting *Lewis v. Att'y General*, 878 F.2d 714, 722 n.20 (3d Cir. 1989)).  The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  "Generally, for a seizure to be reasonable under the Fourth Amendment, it must be effectuated with a warrant based on probable cause." *United States v. Lewis*, 672 F.3d 232, 237 (3d Cir. 2012) (quoting *United States v. Robertson*, 305 F.3d 164, 167 (3d Cir. 2002)). Mr. Burton does not specifically allege whether Detective Craig seized his phone pursuant to a warrant.  However, construing his allegation liberally, and recognizing that Mr. Burton alleges that the District Attorney was unaware of Detective Craig's actions, Mr. Burton has raised a plausible inference that Detective Craig was not authorized to seize his phone.  Accordingly, the court will direct service of this claim for a responsive pleading.

Mr. Burton also asserts in conclusory terms only that Detective Craig engaged in racial profiling and harassment.  However, because he asserts no facts to support these conclusions, any claims based on racial profiling and harassment are not plausible.[5]  *Iqbal*, 556 U.S. at 678. However, it may be possible for Mr. Burton to cure this defect by filing an amended complaint and providing additional factual allegations.  Accordingly, the racial profiling and harassment

---

[5]     Mr. Burton also uses the words "FCC violation" without identifying what regulation Detective Craig allegedly violated and explaining how Detective Craig may have violated a Federal Communications Commission regulation.  Compl. at 5.  Such passing reference is not sufficient to raise a plausible claim.  *See Campbell v. LVNV Finding, LLC and Resurgent Cap. Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).  To the extent Mr. Burton intended to assert a claim based on an FCC violation, this claim is also conclusory and subject to dismissal.

claims will be dismissed without prejudice and Mr. Burton will be offered the option of
amending his complaint or proceeding only on the claims the court determines have passed
statutory screening.

Mr. Burton also asserts state law claims for defamation, slander, and invasion of privacy.
"'Defamation, of which libel, slander, and invasion of privacy are methods, is the tort of
detracting from a person's reputation, or injuring a person's character, fame, or reputation, by
false and malicious statements.'" *Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 476 (E.D. Pa.
2010) (quoting *Joseph v. Scranton Times L.P.*, 959 A.2d 322, 334 (Pa. Super. Ct. 2008)). The
elements of Pennsylvania defamation law are defined by statute. In order to be plausible, a claim
for defamation must be based on facts indicating:

> (1) The defamatory character of the communication.
> (2) Its publication by the defendant.
> (3) Its application to the plaintiff.
> (4) The understanding by the recipient of its defamatory meaning.
> (5) The understanding by the recipient of it as intended to be applied to the
>      plaintiff.
> (6) Special harm resulting to the plaintiff from its publication.
> (7) Abuse of a conditionally privileged occasion.

42 Pa. Cons. Stat. § 8343(a). As stated by the court in *Mzamane*,

> A statement is deemed to be defamatory "if it tends to blacken a person's
> reputation or expose him to public hatred, contempt, or ridicule, or injure him in
> his business or profession." *Joseph*, 959 A.2d at 334 (citing *MacElree v. Phila.
> Newspapers, Inc.*, 544 Pa. 117, 674 A.2d 1050, 1054 (1996)). "When
> communications tend to lower a person in the estimation of the community, deter
> third persons from associating with him, or adversely affect his fitness for the
> proper conduct of his lawful business or profession, they are deemed
> defamatory." *Id.* (quoting *Green v. Mizner*, 692 A.2d 169, 172 (Pa. Super. Ct.
> 1997)). "It is not enough that the victim of the [statements] . . . be embarrassed or
> annoyed, he must have suffered the kind of harm which has grievously fractured
> his standing in the community of respectable society." *Tucker v. Phila. Daily
> News*, 577 Pa. 598, 848 A.2d 113, 124 (2004) (quoting *Scott-Taylor, Inc. v.
> Stokes*, 425 Pa. 426, 229 A.2d 733, 734 (1967)). Importantly, only statements of
> fact, rather than mere expressions of opinion, are actionable under Pennsylvania
> law. *Moore v. Cobb-Nettleton*, 889 A.2d 1262, 1267 (Pa. Super. Ct. 2005) (citing
> *Elia v. Erie Ins. Exch.*, 430 Pa. Super. 384, 634 A.2d 657, 660 (1993)). In order

for an "opinion" to be deemed capable of defamatory meaning under
Pennsylvania law, it must "reasonably be understood to imply the existence of
undisclosed defamatory facts justifying the opinion." *Remick v. Manfredy*, 238
F.3d 248, 261 (3d Cir.2001) (internal citation omitted).

*Mzamane*, 693 F. Supp. 2d at 477.  Mr. Burton's allegations that Detective Craig messaged his

contacts pretending to be Mr. Burton and asked those he contacted about drugs and other

activities even though, according to Mr. Burton, his criminal case had nothing to do with drugs,

plausibly asserts the elements of a state law defamation claim and will also be served for a

responsive pleading.

## IV.  CONCLUSION

For the foregoing reasons, the court will dismiss Mr. Burton's complaint in part.  His

claim against the Springfield Police District will be dismissed with prejudice.  His claims for

racial profiling and harassment and his claim about an FCC violation will be dismissed without

prejudice because they are not plausible as pled.  Mr. Burton will be provided the option of filing

an amended complaint or proceeding only on the claims that have passed statutory screening,

namely his Fourth Amendment claim and state law defamation claim against Defendant Craig.

An appropriate order with additional instructions on amendment will be entered separately.